On September 8, 1994 during the Copley Township Trustee meeting at the Township Hall, Police Chief Walter Markowski requested permission to send a police officer to juvenile training school. When the Chief was asked by one of the Trustees why Officer Charles T. Moorer was not the officer selected, the Chief stated that "he (Officer Moorer) has turned down most previous training schools."

This is absolutely NOT true. I have written proof wherein I have requested permission to attend Juvenile Training Schools. Each time I have been refused either by the Chief or his training officer. I have even attended these schools at my own expense and on my own time. I have the certificates to back this up. Also, most of the other officers in the department have known of my desire to work with the juveniles of Copley Township in my capacity as a Police Officer.

The fact that I am a resident of the township and having an excellent relationship with the juveniles would prove to be beneficial to all concerned. This includes the schools, the township and of course the juveniles themselves.

So there it is, whom do you wish to believe? Officer Charles "Charlie" Moorer, or Chief Markowski (Who has been known to deny everything when confronted with the truth.) I guess you will just have to look at both our records, and choose for yourself.

*Thank You,*

Charlie Moorer

AUTO    LIFE    HOM

*Bernie C*
216-867-188
1-800-824-46

Pilgrim Sq. Bldg.
2295 W. Market St., Akron, Ohio

*General Practice Includi.*

Auto Accidents | Wrongful Death | Busi
Personal Injuries | Bankruptcy | Co
Divorce & | DUI & Traffic | Rea
Dissolutions | Probate | & [

No charge for consultation on accident or

**374-0300**

**Dennis CLINE, et al., Plaintiff,**

v.

**GENERAL DYNAMICS LAND SYSTEMS, INC., Defendant.**

No. 3:99 CV 7401.

United States District Court, N.D. Ohio, Western Division.

March 10, 2000.

Mark W. Biggerman, Granger & Biggerman, Columbus, OH, for Dennis Cline.

Mark W. Biggerman, Granger & Biggerman, Columbus, OH, E. Bruce Hadden, Columbus, OH, for John Alge, David Bayes, Gary Bish, Dan Brenamen, Ed Galan, David Puchta, Michael Lucius, Mario Diaz, Dennis Ryan, Michael Williams, plaintiffs.

Rolf H. Scheidel, Shumaker, Loop & Kendrick, Toledo, Craig C. Martin, Carla J. Rozycki, Samuel S. Miller, Jenner & Block, Chicago, IL, for General Dynamics Land Systems Inc., defendants.

## MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on Defendant's motion to dismiss. For the following reasons, Defendant's motion will be granted.

## BACKGROUND

The 196 named plaintiffs to this action are present or former employees of Defendant General Dynamics Land Systems, Inc. ("the Company") who were between forty and fifty years of age on July 1, 1997. At all times relevant to this dispute, the employment relationship was governed by a collective bargaining agreement ("CBA") between Plaintiffs and the Company.

The CBA that was in effect prior to July 1, 1997 ("CBA1") provided for continued health insurance benefits for retirees. The Company and Plaintiffs' union renegotiated that provision when CBA1 ended. The renegotiated provision, which was included in the new CBA ("CBA2"), provided that continued retiree health insurance benefits would be provided only for employees who were at least fifty years of age on July 1, 1997, the effective date of CBA2.

Plaintiffs claim that CBA2 violates their rights by discriminating against them on the basis of their age. There are three subcategories of plaintiffs: (1) the "Cline group" consists of 183 current employees who were eligible for retiree health insurance benefits under CBA1, but not under CBA2; (2) the "Babb group" consists of ten employees who retired prior to July 1, 1997 in order to preserve their benefits under CBA1; and (3) the "Diaz group" consists of three employees who retired after July 1, 1997 and did not receive the continued health insurance benefits to which they would have been entitled under CBA1. Plaintiffs bring this action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 623 et seq., and analogous state law. They seek declaratory and injunctive relief, damages, and costs and fees.

Defendant has filed a motion to dismiss Plaintiffs' claims. It argues that age discrimination in favor of employees over the age of fifty does not violate applicable federal and state antidiscrimination law. Plaintiffs have responded to Defendant's motion, Defendant has replied, and Plaintiffs have filed a surreply. The Court discusses the parties' contentions below.

## DISCUSSION

### A. Motions to Dismiss

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b), the function of the Court is to test the legal sufficiency of the complaint. In scrutinizing the complaint, the Court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984), while viewing the complaint in a light most favorable to the plaintiffs, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). The Court is without authority to dismiss the claims unless it can be demonstrated beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–

02, 2 L.Ed.2d 80 (1957); *Westlake, supra,* at 858. *See generally* 2 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE, § 12.34[1] (3d ed.1997).

### B. Age Discrimination

Plaintiffs claim that their employer illegally discriminated against them on the basis of their age. The Age Discrimination in Employment Act generally prohibits employers from discriminating against employees on the basis of age. 29 U.S.C. § 623(a).[1] In this case, the CBA facially discriminates on the basis of age by creating two classes of employees: employees over the age of fifty, who are entitled to retiree health care benefits, and employees under the age of fifty, who are not. The sole issue before the Court on Defendant's motion to dismiss is whether the ADEA permits this sort of "reverse discrimination" whereby older workers receive favorable treatment relative to younger workers.

Plaintiffs have argued at length that they have not alleged reverse discrimination on the basis of age, and that reverse discrimination is not the issue before the Court. They say their claim is that they were wrongfully denied existing job benefits to which they had previously been entitled, and that such denial was based on their age.

That argument lacks merit. The Employee Retirement Insurance Security Act ("ERISA") divides employee benefit plans into two types: pension plans and welfare benefit plans. 29 U.S.C. § 1002(1), (2)(A). A retiree health insurance benefits plan is a welfare benefit plan, which is not subject to statutory vesting requirements. Thus, it would have been permissible under ERISA for Plaintiffs' union and the Company to agree to abrogate the retiree health insurance benefits program for *all*

current employees in CBA2. The fact that the benefits were available under CBA1 is not relevant to a determination of whether entitling only employees over the age of fifty to retiree health care benefits violates ADEA. The sole issue before this Court is whether an employer may legally provide a benefit to workers over the age of fifty, while denying that same benefit to workers below the age of fifty.

Every federal court to have addressed the issue has held that a claim of reverse age discrimination is not cognizable under ADEA. *E.g., Hamilton v. Caterpillar Inc.,* 966 F.2d 1226, 1227–28 (7th Cir.1992); *Dittman v. General Motors Corporation– Delco Chassis Div.,* 941 F.Supp. 284, 287 (D.Conn.1996); *Parker v. Wakelin,* 882 F.Supp. 1131, 1140–41 (D.Me.1995). Plaintiffs have cited to no case that permitted an employee to bring a claim of reverse discrimination under the ADEA, and this Court is aware of none. This is because Congress' purpose in enacting ADEA was to address the problems faced by *older* workers, not workers who suffer discrimination because they are too young. *Hamilton,* 966 F.2d at 1228. Accordingly, the Court finds that Plaintiffs have not alleged any facts upon which they can prevail on their age discrimination claim

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted.

IT IS SO ORDERED.

---

1. The Ohio Civil Rights Act provides the same. Ohio Rev.Code § 4112.02(A). For convenience, the Court will analyze Plaintiffs' federal and state law claims together, since the legal tests are the same under both stat-

utes. *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n,* 66 Ohio St.2d 192, 196, 421 N.E.2d 128, 131 (1981).